**UNITED STATES v. WERKSMAN et al.**

Crim. No. 94–53.

United States District Court,
D. New Jersey.
June 29, 1953.

Grover C. Richman, Jr., and Frederic C. Ritger, Jr., Newark, N. J., for plaintiff.

Mendon Morrill, Paterson, N. J., for defendant.

MEANEY, District Judge.

On March 13, 1953, the United States Commissioner in Newark, New Jersey, signed a complaint, the text of which stated:

"That on or about March 15, 1947, at Newark in the District of New Jersey, Milton Werksman did wilfully and knowingly attempt to defeat and evade a large part of his income tax by filing a fraudulent return for 1946. Further that Milton Werksman in concert with Rodney G. Benson, Jr., and Harold Delaney, did wilfully conspire to defraud the U. S. Government in an attempt by Rodney G. Benson, Jr. to defeat and evade his personal income tax for the year of 1946, as well as the corporate income taxes of Rodney Benson, Inc. and the Sonben Realty Corporation, of which corporations Benson was president; and that said Benson, Werksman, and Delaney and each of them did commit overt acts to effect the object of said conspiracy."

On March 24, 1953 a three-count indictment was returned against this defendant and the other named persons, charging in Count I that on or about January 1, 1946 and continuously thereafter until the return of the indictment, this defendant with the others named in the complaint conspired to commit offenses against the United States, to wit, to violate 18 U.S.C. (1946 Ed.) § 88, now 18 U.S.C.A. § 371 and 26 U.S.C.A. § 145(b) by defrauding the United States by attempting to defeat and evade their income tax by filing false and fraudulent tax returns.

Count II of the indictment charges defendant and the others during the period of May 21, 1946 to March 15, 1947, with filing, causing to be filed, and aiding and abetting in the filing of a false and fraudulent tax return for one Rodney G. Benson, in violation of 26 U.S.C.A. § 145(b).

Count III alleges the same offense as Count II with respect to the filing of false and fraudulent returns for two corporations, Rodney Benson, Inc. and Sonben Realty Corporation.

But for the fact that the complaint was filed before March 15, 1953, this prosecution would have been barred on that date by the statute of limitations, 26 U.S.C.A. § 3748(a). The indictment, therefore, cannot stand as to this defendant unless it charges the very offenses mentioned in the complaint, and no others.

Fairly construed, the complaint charges, in essence, the following:

1. The defendant attempted to defeat and evade part of his own tax by knowingly filing a false and fraudulent return.

2. Defendant conspired with Benson and Delaney to defraud the United States by evading the personal tax of Benson, as well as the tax of two corporations.

Count I of the indictment charges defendant with conspiring to defraud the United States by evading payment of the tax of others and *himself*. The complaint does not charge that defendant conspired to evade his own tax; it charges a wilful attempt to do so. The crime of wilfully attempting to evade payment of income taxes, however, is a substantive offense in itself and separate from the offense of conspiracy to do so. Maxfield v. United States, 9 Cir., 1945, 152 F.2d 593; certiorari denied, 1946, 327 U.S. 794, 66 S.Ct. 821, 90 L.Ed. 1021. The statute of limitations has therefore run on the offense of defendant Werksman in so far as he may have conspired to evade *his own* tax. So much of Count I, then, as charges defendant Werksman with conspiring to evade his own tax must be dismissed.

Counts II and III charge defendant with attempting to defeat the tax of Benson

and two corporations by filing, causing to be filed, and aiding and abetting in the filing of false and fraudulent returns. The complaint, however, charges defendant with conspiring to do these acts, not with attempting to do them. The Government contends that the acts charged in these counts, as well as the act charged in the first count, were overt acts committed in furtherance of the conspiracy, which constitute substantive offenses in themselves. It further contends that since the complaint charged that defendant committed "overt acts" in furtherance of the conspiracy, the statute of limitations does not bar prosecution of these acts that constitute offenses in themselves. That proposition does not find agreement in this court. Suppose one of the overt acts of the conspiracy were transporting a stolen car in interstate commerce. Can the Government seriously argue that though the period of limitation had run, defendant could be prosecuted for this act merely on the basis that an assertion of "overt acts" in the complaint tolls the statute? I think not. The statute has run on the crimes charged in counts II and III of the indictment and these counts are accordingly dismissed as to Werksman.

Let an order be submitted in conformity with the terms of this opinion.